JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-2396-DMG (DSRx)** | Date | May 5, 2026 |
|---|---|---|---|

| Title | ***Armen Pogosyan v. General Motors LLC*** | Page | **1** of **5** |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [15]**

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

On August 16, 2023, Plaintiff Armen Pogosyan purchased a 2023 Cadillac Escalade ESV ("Subject Vehicle") that was manufactured and/or distributed by Defendant General Motors LLC. [Doc. #1-1 ("Compl.") at ¶¶ 6, 9.]  As part of the purchase, Pogosyan received express written warranties.  *Id.* at ¶ 11.  Pogosyan claims that during the period covered by the express written warranties, the Subject Vehicle manifested "structural defects" and defects to the engine system that substantially impaired the use, value, and/or safety of the Subject Vehicle.  *Id.* at ¶ 12. Pogosyan alleges he delivered the Subject Vehicle to General Motors for diagnosis and repair of the defects, but General Motors failed to service or repair it to conform with the applicable express warranties.  *Id.* at ¶¶ 13–14.

On October 22, 2025, Pogosyan filed a Complaint in the Los Angeles County Superior Court against General Motors.  *See generally id.*  Pogosyan asserts causes of action under the Song-Beverly Consumer Warranty Act and breach of implied warranty of merchantability.  *Id.* Pogosyan seeks, *inter alia*, actual damages, restitution, a civil penalty in the amount of two times the actual damages, and reasonable attorneys' fees.  *Id.* at 16.[1]  Pogosyan served General Motors with the Summons and Complaint on October 23, 2025.  Declaration of Andrea Plata ("Plata Decl."), Ex. 1 [Doc. # 15-1].  General Motors filed an Answer to the Complaint in state court on December 9, 2025.  [Doc. # 1-2.]  On January 20, 2026, Pogosyan produced a copy of the Retail Installment Sale Contract ("RISC") to General Motors.  Plata Decl. at ¶ 7.[2]  The RISC included the total sales price of $193,683.50 for the Subject Vehicle.  Raucci Decl., Ex. A [Doc. # 17-2].

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

[2] Counsel for General Motors attests that Plaintiff produced the purchase agreement on February 9, 2026. Declaration of Philip Crane Raucci ("Raucci Decl.") at ¶ 2 [Doc. # 17-1].  Neither party addresses the apparent discrepancy in the date on which the agreement was produced.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-2396-DMG (DSRx)** | Date | May 5, 2026 |
|---|---|---|---|

| Title | *Armen Pogosyan v. General Motors LLC* | Page | **2** of **5** |
|---|---|---|---|

On March 6, 2026, General Motors removed the action to federal court, asserting diversity jurisdiction under 28 U.S.C. section 1332. [Doc. # 1 ("NOR").]  In its Notice of Removal, General Motors estimated the purchase price of the Subject Vehicle to be $193,683.50, consistent with the total stated in the RISC.  *Id.* at 5.

Before the Court is Pogosyan's Motion to Remand, filed on April 6, 2026.  [Doc. # 15 ("MTR").]  The motion is fully briefed.  [Doc. ## 17 ("Opp."), 18 ("Reply").]  For the reasons discussed below, the Court **GRANTS** Pogosyan's Motion to Remand.

**II.**
**LEGAL STANDARD**

There are two 30-day periods for removal of a case to federal court.  28 U.S.C. § 1446(b); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010).  First, the defendant has 30 days to remove an action when its removability is clear from the face of the "initial pleading." *Id*.  Notice of removability under 28 U.S.C. section 1446 is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin.").  Second, where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date that it receives "'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper."  *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)).

If a defendant has not run afoul of either of the two 30-day periods, a defendant may remove the action "on the basis of its own information."  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).  "A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so."  *Id.*  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

//
//
//
//

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-2396-DMG (DSRx)** | Date | May 5, 2026 |
|---|---|---|---|

| Title | ***Armen Pogosyan v. General Motors LLC*** | Page | **3** of **5** |
|---|---|---|---|

**III.**
**DISCUSSION**

Pogosyan argues the action should be remanded because General Motors' removal was untimely under 28 U.S.C. section 1446(b). MTR at 10–14. Pogosyan contends removability was ascertainable from the face of the Complaint, and therefore, General Motors was required to remove the case by November 22, 2025. *Id.* at 11. General Motors argues that Pogosyan's domicile and the amount in controversy was indeterminate from the face of the Complaint, and therefore the removal clock was not triggered upon service of the Complaint. Opp. at 22–23.

Under 28 U.S.C. section 1332, a district court has original jurisdiction over a civil action where "the matter in controversy exceeds the sum or value of $75,000" and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). Complete diversity between the parties means that "each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008).

According to General Motors, Pogosyan's Complaint was indeterminate as to complete diversity because the Complaint references Pogosyan's residency in California but does not state whether Pogosyan has an intent to remain in California. Opp. at 23. Notably, in its Notice of Removal, General Motors relies on the same reference to Pogosyan's residence to articulate complete diversity. NOR at 3 (citing to Compl. at ¶ 2). General Motors also states that in its "preliminary investigation," it found "that Plaintiff resided in California when he purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California thus providing a plausible basis for citizenship."[3] *Id.* Pogosyan's Complaint states that "Plaintiff is, *and at all times relevant herein was*, a resident of Valencia, California." Compl. at ¶ 2 (emphasis added). Pogosyan purchased the Subject Vehicle in August 2023 and filed his Complaint in Los Angeles in October 2025, suggesting that he has resided in California for at least two years.

While a natural person's state citizenship for purposes of diversity is determined by his or her domicile, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), "numerous courts treat a person's residence as prima facie evidence of the person's domicile." *See Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013). Based on the language in the Complaint—and using the very same logic General Motors applied in its NOR—the Court finds that Pogosyan's citizenship was determinate from the Complaint. *See, e.g., Ervin v. Ballard*

---

[3] General Motors makes no effort to explain what "other occasions" it found during its "preliminary investigation." *See id.*; Opp. at 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-2396-DMG (DSRx)** | Date | May 5, 2026 |
|---|---|---|---|

| Title | ***Armen Pogosyan v. General Motors LLC*** | Page | **4** of **5** |
|---|---|---|---|

*Marine Construction, Inc.*, No. 16-cv-02931-WHO, 2016 WL 4239710, at *3–4 (N.D. Cal. Aug. 11, 2016) (concluding that the complaint triggered the defendant's first 30-day window to remove based on diversity jurisdiction because it clearly stated plaintiff was a resident of the state at "all times material hereto"); *Galaviz v. General Motors, LLC*, No. 2:25-cv-07039-JLS-MAR, 2025 WL 3022665, at *2 (C.D. Cal. Oct. 28, 2025) (same).

General Motors also contends that the amount in controversy is indeterminate from the Complaint because "it does not provide any values from which actual damages can be calculated." Opp. at 25. General Motors acknowledges that the Complaint seeks three categories of damages, including actual damages, a civil penalty of up to two times actual damages, and attorneys' fees. *Id.* at 23. With General Motors' estimate that Plaintiff will seek at least $15,000 in attorneys' fees, *see* Raucci Decl. at ¶ 5, Pogosyan needed to have paid only $20,000 for the vehicle to meet the $75,000 amount in controversy, considering a sum that includes restitution of the purchase price, civil penalties of twice the purchase price, and attorneys' fees. Given that Pogosyan provided the year, make, model, and purchase date of the Subject Vehicle in his Complaint, General Motors should have been able to easily ascertain from the Complaint alone that a car whose retail value was over $190,000 had sold for at least $20,000. *See Kuxhausen*, 707 F.3d at 1140 ("[D]efendants need not make extrapolations or engage in guesswork [to determine the amount in controversy]; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'") (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).

Even if the Court assumed*, arguendo*, that General Motors could not have used a reasonable amount of intelligence to ascertain that a 2023 Cadillac Escalade ESV sold for more than $20,000 in 2023, General Motors' removal still appears untimely under the second 30-day removal period. Under 28 U.S.C. section 1446(b)(3), General Motors had 30 days from the date it received "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Here, Pogosyan's counsel sent General Motors the RISC, identifying the total sales price of $193,683.50, on January 20, 2026. Plata Decl. at ¶ 7. General Motors does not dispute this fact in its papers.[4] *See generally* Opp. General Motors failed to remove the action by the second 30-day period deadline, which was February 19, 2026.

---

[4] General Motors' counsel states in his own declaration that Pogosyan produced the RISC on February 9, 2026. Raucci Decl. at ¶ 2. Given that General Motors does not dispute the Plata Declaration or argue that removal was timely under the second 30-day removal period, the Court does not apply the February 9, 2026 date as the trigger date for the 30-day removal period.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 26-2396-DMG (DSRx)** | Date | May 5, 2026 |

| | | | |
|---|---|---|---|
| Title | ***Armen Pogosyan v. General Motors LLC*** | Page | **5** of **5** |

Therefore, the Court concludes that General Motors' removal was untimely under both the first and second 30-day removal periods prescribed by 28 U.S.C. section 1446(b).

**IV.
CONCLUSION**

In light of the foregoing, the Court **GRANTS** Pogosyan's Motion to Remand.   The May 8, 2026 hearing on the Motion is **VACATED**.   This action is **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**